**UNITED STATES DISTRICT COURT**                                      JS-6
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No.   **CV 25-856-JFW(JPRx)**                          Date:  March 4, 2025

Title:        Maria Garcia -*v*- Sam's West, Inc., et al.

PRESENT:
         **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

         **Shannon Reilly**                          **None Present**
         **Courtroom Deputy**                        **Court Reporter**

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:
              None                                       None

PROCEEDINGS (IN CHAMBERS):        ORDER REMANDING ACTION TO LOS ANGELES
                                  COUNTY SUPERIOR COURT

        On December 15, 2023, Plaintiff Maria Garcia ("Plaintiff") filed a Complaint against
Defendant Sam's West, Inc. dba Sam's Club ("Sam's West"), Tom Mendes, and Does 1 through
50 in Los Angeles County Superior Court.  On August 5, 2024, Plaintiff filed an Amendment to her
Complaint in the state action, seeking to rename Tom Mendes as Laura Hernandez.  On August
26, 2024, Specially Appearing Defendant Laura Hernandez filed a Motion to Quash Plaintiff's
Amendment to Complaint.  On January 6, 2025, the Los Angeles Superior Court granted Specially
Appearing Defendant Laura Hernandez's Motion to Quash Amendment to Complaint.  On January
31, 2025, Defendant Sam's West filed a Notice of Removal, alleging that this Court has diversity
jurisdiction pursuant to 28 U.S.C. § 1332(a).  On February 25, 2025, the Court ordered the parties
to show cause why this Court should not remand this action for: (1) lack of complete diversity; (2)
Sam West's failure to remove this action to this Court within thirty days of service of the summons
and complaint; and (3) the removal of this action on the basis of diversity more than one year after
the action was commenced.  On March 3, 2025, Sam's West filed a Response to the Order to
Show Cause.

        Federal courts are courts of limited jurisdiction, having subject matter jurisdiction over only
those matters authorized by the Constitution and Congress.  *See, e.g., Kokkonen v. Guardian Life
Ins. Co.,* 511 U.S. 375, 377 (1994).  A suit filed in state court may be removed to federal court if
the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  "The right
of removal is entirely a creature of statute," *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32
(2002), and the party seeking to avail itself of a removal statute bears the burden of showing that
removal is appropriate.  *See, e.g., Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685
(9th Cir. 2006) ("[U]nder CAFA the burden of establishing removal jurisdiction remains, as before,
on the proponent of federal jurisdiction.").  Any doubts about the right to remove are resolved
against removal.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Case 2:25-cv-00856-JFW-JPR    Document 21    Filed 03/04/25    Page 2 of 2   Page ID
#:298

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332(a).  An action must be removed within 30 days of a defendant's receipt of the initial pleading setting forth a removable claim.  28 U.S.C. § 1446(b).  If the claim was not removable at the time of the initial pleading, a suit must be removed within 30 days of the defendant first ascertaining, based on an amended pleading or other papers, that the case is or has become removable.  *Eyak Native Village v. Exxon Corp.*, 25 F.3d 773, 782 (9th Cir.1994); *Peabody v. Schroll Trust*, 892 F.2d 772, 775 (9th Cir.1989).  However, "[i]f the case is removable from the outset, it must be removed within the thirty-day period specified by § 1446(b); subsequent events do not make it 'more removable' or 'again removable.'"  *Samura v. Kaiser Found. Health Plan, Inc*., 715 F.Supp. 970, 972 (N.D. Cal.1989) (citation omitted).  If the case is not removed during the thirty day period, the right to removal is waived and once waived, it is generally waived forever regardless of the changes to the case.  *Dunn v. Gaiam*, 166 F.Supp. 2d 1273, 1278-79 (C.D. Cal. 2001).  In addition, "[a] case may not be removed . . . on the basis of jurisdiction conferred by section 1332 . . . more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

In this case, Sam's West did not file its Notice of Removal until more than one year after the commencement of this action.  In the Joint Rule 26(f) Report, Plaintiff objected to the removal of this action and provided a satisfactory explanation for failing to serve Defendant "Tom Mendez" and her attempt to amend the Complaint to add Laura Hernandez through an "incorrect name" amendment.[1]  Accordingly, because the Court finds that Plaintiff did not act in bad faith, this action is **REMANDED** to Los Angeles County Superior Court pursuant to 28 U.S.C. § 1446(c)(1).

IT IS SO ORDERED.

---

[1]The Ninth Circuit has held that the one-year time limit is procedural and not jurisdictional, and thus is waivable by Plaintiff.  *See Smith v. Mylan Inc*., 761 F.3d 1042, 1045 (9th Cir. 2014).  Here, Plaintiff objected to the removal of this action in the Joint Rule 26(f) Report filed on February 21, 2025, and thus the Court concludes that she did not waive this procedural defect.  *See* Joint Rule 26(f) Report (Docket No. 12) at 5-7.

Page 2 of  2

Initials of Deputy Clerk  _sr_